UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM FLETCHER,<br><br>        Plaintiff,<br><br>    v.<br><br>PARSONS BEHLE & LATIMER,<br>DYLAN A. EATON,<br><br>        Defendants. | Case No. 1:22-cv-00160-DCN<br><br>**INITIAL REVIEW ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff William Fletcher's Complaint (Dkt. 2) and Application for Leave to Proceed in Forma Pauperis (Dkt. 1). Pursuant to 28 U.S.C. § 1915, the Court must review Fletcher's request to determine whether he is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). The Court must also undertake an initial review of Fletcher's Complaint to ensure it meets the minimum required standards.

For the reasons explained below, the Court GRANTS Fletcher's Application to Proceed In Forma Pauperis and will allow him to pay the filing fee over time. However, having reviewed the Complaint, the Court finds it does not state a plausible claim for relief and dismisses this case.

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal … without prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). In order to qualify for in forma pauperis status, a Plaintiff must submit an affidavit that includes a statement of all assets he possesses and indicates that he is unable to pay the fee required. The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or give security for the costs" and still be able to provide for himself and dependents the "necessities of life." *Adkins v. E.I. DuPont de Numours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (internal quotation marks omitted).

The Court has reviewed Fletcher's application and finds that it does not conclusively establish his indigence. *See* Dkt. 1. Fletcher lists his monthly income as $2,000 from employment. *Id.*, at 2. However, there is a discrepancy between what Fletcher lists as his monthly income and what Fletcher lists as his gross monthly pay, as Fletcher claims that he is paid $2,400 a month from his employer. *Id.* Fletcher also lists $578 in a checking account. *Id.*, at 4.

Fletcher reports his monthly expenses as $2,700 a month.[1] *Id.*, at 4. Most of his monthly expenses goes to rent, utilities, food, clothing, and car related expenses, which are all necessary

---

[1] Fletcher claims that his monthly expenses add to $2,700, while the actual total appears to be $2,640. This is a small difference and is likely the result of a minor error either in the calculation or in the Court's reading of the expense figures. Regardless, the Court's conclusion remains the same whether it uses the $2,700 figure or the $2,640 figure.

expenses. However, while Fletcher appears to pay child support (*Id.*, at 2, 4), he also claims that this child's mother is not around (*Id.*, at 5).

Fletcher, therefore, has a monthly deficit of $700 at most. *See* Dkt. 1. Although he is at a deficit, Fletcher has not conclusively established his indigence under 28 U.S.C. § 1915. Even if he is the sole caretaker of his child, Fletcher is approximately $10,000 above the United States poverty guidelines on annual income. *See 2021 Poverty Guidelines*, Office of the Assistant Secretary for Planning and Evaluation (2021), https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines/prior-hhs-poverty-guidelines-federal-register-references/2021-poverty-guidelines. And Fletcher cannot explain how he is able to pay for this deficit as he has minor debt payments and no assets. *See* Dkt. 1., at 4; *See Melson v. Forte Construction Services LLC*, 2020 WL 459273 (D. Idaho, Aug. 6, 2020) (Plaintiff seeking to proceed in forma pauperis had to pay filing fee in full over time because he was unable to show how he paid for his monthly deficit while maintaining little debt). Thus, Fletcher must pay the requisite filing fees in full. That said, the Court will allow Fletcher to pay this fee over time to reduce the financial burden it might otherwise cause. Fletcher will be required to pay the fee in $50 monthly installments.

Nonetheless, the Court must dismiss the Complaint because Fletcher fails to allege a valid cause of action. The Court will grant Fletcher an opportunity to amend his Complaint to remedy its deficiencies.

### III. SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a Plaintiff's Complaint, or any portion thereof, if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who

is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can be granted, a complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009).

During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

This Court is a court of limited jurisdiction and as such, can only hear cases and controversies that involve a federal question (28 U.S.C. § 1331) or satisfy federal diversity jurisdiction requirements (28 U.S.C. § 1332). A federal question is a claim that involves a federal law on its face. *See generally Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308 (2005).

In this case, Fletcher suggests the Court has federal question jurisdiction. Dkt. 2, at 3. However, when asked to identify the specific federal statute upon which his claim rests, Fletcher alleges Defendant Dylan Eaton committed perjury when defending against a civil suit Fletcher brought against his prison's health care providers. *Id*. (citing *Fletcher v. Corizon Health Services, et al*, 1:14-cv-00532-BLW). While a federal criminal statute, 18 U.S.C. § 1621, defines perjury, no private cause of action exists under this statute. *See* 18 U.S.C. 1621; *Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164, 190

(1994) (refusing to infer private right of action from bare criminal statute); *Fuller v. Unknown Officials from the Justice Dept. Crime Div.*, 387 F. App'x 3, 4 (D.C.Cir.2010) (explaining there is no private cause of action for perjury under 18 U.S.C. § 1621). Thus, it appears the Court lacks jurisdiction over Fletcher's claim. Fed .R. Civ. P. 12(b)(1).

Further, a pleading that states a claim for relief must contain ". . . a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As noted, Fletcher outlines a single claim: that Eaton purportedly committed perjury during Fletcher's prior civil case and, therefore, caused Fletcher $1.4 million in damages. *See* Dkt. 2. There are two reasons why this claim is not cognizable. First, Fletcher lacks standing to bring a claim for an alleged violation of federal criminal law. *Linda R.S. v. Richard D.*, 410 U.S. 614. 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another."). Second, even if Fletcher could bring his claim under another federal statute or legal theory, he does not provide facts to make his claim plausible. For instance, Fletcher claims that Eaton gave false testimony in court to help Eaton's client in Fletcher's prior civil suit. Dkt. 2, at 3. It is unclear what Fletcher means by this, as attorneys are not ethically allowed to be witnesses in the cases that they try. Model Rules of Pro. Conduct r. 3.7 (Am. Bar Ass'n, 2020). Thus, it is highly unlikely that Eaton gave any testimony at all.

If amending a complaint would remedy its deficiencies, then courts should provide plaintiffs an opportunity to do so. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). Here, the Court lacks federal question jurisdiction, Fletcher has not provided any facts to support diversity jurisdiction, and Fletcher seeks relief under a criminal statute which does

not provide a private cause of action or a basis for civil liability. *DeAlcantara v. Shigemura*, 2016 WL 6518618, at *2 (D. Haw. Nov. 2, 2016). Nevertheless, as explained below, Fletcher is given leave to file an Amended Complaint to attempt to state a valid federal cause of action.

Plaintiff may file an Amended Complaint within thirty (30) days of the date of this order that cures the deficiencies identified herein. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("Unless it is absolutely clear that no amendment can cure the defect … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff's Amended Complaint will be dismissed with prejudice if it again attempts to reassert a perjury claim against Eaton, or if it fails to identify a proper basis for this Court's jurisdiction.

## IV. ORDER

1. Fletcher's Application for Leave to Proceed in Forma Pauperis (Dkt. 1) is **GRANTED** as stated herein. Fletcher need not prepay the fee in full; however, Fletcher must pay $50.00 per month to the Clerk of Court, on or before the last day of each month, until the filing fee is paid in full. Failure, at any time, to comply with this payment schedule may result in dismissal of this case without further notice. The first payment is due on or before the last day of June 2022 . The Court will allow Fletcher to file and serve the Amended Complaint before this payment is received;

2. Fletcher's Complaint (Dkt. 2) is deficient as it fails to state any claims upon which relief can be granted. His Complaint is therefore DISMISSED WITHOUT PREJUDICE. The Court GRANTS Fletcher leave to file an Amended Complaint in compliance with the

Court's analysis above. Fletcher must file his Amended Complaint within thirty (30) days of the issuance of this Order.

    3. Failure to file an Amended Complaint within the ordered timeframe will result in the full dismissal of this case WITH PREJUDICE and without further notice.

DATED: June 6, 2022

David C. Nye
Chief U.S. District Court Judge