UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM FLETCHER,<br><br>    Plaintiff,<br><br>    v.<br><br>PARSONS BEHLE & LATIMER,<br>DYLAN A. EATON, et al.,<br><br>    Defendants. | Case No. 1:22-cv-00160-DCN<br><br>**SUCCESSIVE REVIEW ORDER** |

## I. INTRODUCTION

Pursuant to 28 U.S.C. § 1915, this Court screened Plaintiff William Fletcher's Complaint and, on June 6, 2022, issued its Initial Review Order in this case. Dkt. 4. In that order, the Court held that Fletcher could proceed *in forma pauperis* by paying the required filing fee over time. *Id.* at 1–3. The Court also determined, however, that Fletcher's Complaint was deficient and must be dismissed. *Id.* at 3–6. The Court gave Fletcher thirty days to file an Amended Complaint to cure the deficiencies identified in its Initial Review Order. *Id.* at 7.

Fletcher timely filed an Amended Complaint (Dkt. 5) and subsequently filed "Exhibits" to his Amended Complaint.[1] Dkt. 6. The Court retains its screening authority under 28 U.S.C. § 1915(e)(2) and has taken the time to review Fletcher's Amended

---

[1] Such exhibits purportedly illustrate Fletcher exhausted his administrative remedies in a prior suit. A pro se prisoner may attach exhibits "showing exhaustion of administrative remedies" to an Amended Complaint. *See* United States District Court for the District of Idaho General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, A(1)(b)–(c).

SUCCESSIVE REVIEW ORDER – 1

Complaint and Exhibits. For the reasons set forth below, Fletcher's Amended Complaint contains the same deficiencies identified in the Initial Review Order and also illustrates this case is procedurally barred. As such, Fletcher's Amended Complaint is dismissed with prejudice.

## II. ANALYSIS

Fletcher's sole claim—in both his initial Complaint and Amended Complaint—is that attorney Dylan Eaton[2] committed perjury when defending against a civil suit Fletcher brought in 2014 against his prison's health care providers for purportedly providing inadequate dental care. *See Fletcher v. Corizon Health Services, et al.*, 1:14-cv-00532-BLW ("2014 Civil Suit").[3] In its Initial Review Order, the Court explained that it did not appear to have federal question jurisdiction—as Fletcher alleged—because there is no private cause of action under the federal criminal perjury statute, 18 U.S.C. § 1621. Dkt. 4, at 4–5. Rather than explaining why this Court has jurisdiction over his claim, Fletcher's Amended Complaint cites 18 U.S.C. § 1621 as the basis for federal question jurisdiction. Dkt. 5, at 2. As the Court has already outlined, there is no private cause of action under 18 U.S.C. § 1621, Dkt. 4, at 4–5, and a private citizen, like Fletcher, "lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard*

---

[2] Fletcher's Amended Complaint adds attorney Kevin West as a defendant. Dkt. 2. Dkt. 4, at 5. In the 2014 Civil Suit, Eaton and West—both attorneys at Parsons Behle & Latimer—represented Corizon Health Services ("Corizon")—the medical provider for the Idaho State Correctional Institution where Fletcher was formerly incarcerated. The Court's analysis with respect to Eaton in its Initial Review Order and herein applies equally to Defendants West and Parsons, Behle & Latimer.

[3] Fletcher was incarcerated when he brought the 2014 Civil Suit. He has since been released from prison. Dkt. 2, at 1.

*D.*, 410 U.S. 614, 619 (1973).[4]

The Court's Initial Review Order also explained that even if Fletcher could bring his claim under another federal statute or legal theory, he failed to provide facts to make his claim plausible. For instance, while Fletcher's Complaint alleged that Eaton gave "false testimony" in court to help Corizon in Fletcher's 2014 Civil Suit, Fletcher did not explain how Eaton could have provided any "testimony," since attorneys are not ethically allowed to be witnesses in the cases that they try. Dkt. 4, at 5 (citing Model Rules of Prof. Conduct R. 3.7) (Am. Bar Ass'n, 2020)).

In his Amended Complaint, Fletcher clarifies that Eaton purportedly lied in his Motion for Summary Judgment in the 2014 Civil Suit by arguing that Fletcher had failed to exhaust his administrative remedies. Dkt. 5, at 3 (citing Dkt. 21-1 in the 2014 Civil Suit). In support of this theory, Fletcher filed a purported copy of the Idaho Department of Corrections ("IDOC") Grievance Policy and an Affidavit from Krystan Hallum, an IDOC employee, as "Exhibits" to his Amended Complaint. Dkt. 6. Fletcher alleges such exhibits illustrate that he was only required to file an Offender Concern Form in order to exhaust his administrative remedies. Dkt. 5, at 4. Fletcher contends the 2014 Civil Suit "was dismissed even when evidence shows the plaintiff exhausted his administrative remedies

---

[4] In his Amended Complaint, Fletcher also contends Eaton "knowingly stole away Mr. Fletcher['s] Federal Constitutional right of the Eighth Amendment that pertain to his Dental Care and Dental Service[.]" Dkt. 5, at 1. To the extent Fletcher relies on 42 U.S.C. § 1983 to attempt to state a claim for violation of his Constitutional rights against Eaton, a private attorney, such reliance is misplaced. To state a claim for relief in an action brought under § 1983, Fletcher must allege that he was deprived of a right secured by the Constitution or laws of the United States and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). "[T]he under-color-of state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Id.* at 50 (cleaned up).

and did not need to file a grievance because Plaintiff filed an Offender Concern Form to the Warden which led to him getting Dental treatment which resolved the issue or problem in according [sic] to the Grievance and Informal Resolution Policy of Idaho Department of Corrections."[5] *Id*.

Rather than stating a plausible claim, Fletcher's attempt to amend instead illustrates that this case is procedurally improper. Res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata, also known as claim preclusion, applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) privity between the parties. *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 917 (9th Cir. 2012) (citation omitted).

"The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) (cleaned up). This action and the 2014 Civil Suit clearly arise from the same transactional nucleus of facts. Both cases are predicated on the alleged violation of Fletcher's Eighth Amendment right as a result of the purportedly inadequate dental care he received from Corizon while incarcerated. In the 2014 Civil Suit, and now here, eight years

---

[5] IDOC's grievance procedure consists of three stages. Dkt. 6, at ¶¶ 5–9. First, any inmate with an issue is required to seek an informal resolution by filling out an Offender Concern Form addressed to the appropriate staff member. *Id*. If the issue cannot be resolved informally through the use of an Offender Concern Form, the inmate must then file a Grievance Form. *Id*. If the decision on an inmate's grievance is not satisfactory to the inmate, then the inmate may appeal that decision. *Id*. "Upon completion of these three steps—Offender Concern Form, Grievance Form, and Grievance Appeal—the grievance process is exhausted." *Id*. at ¶ 9.

later, Fletcher also relies on an identical argument regarding his purported exhaustion of administrative remedies.[6]

Specifically, in the 2014 Civil Suit—when opposing summary judgment, seeking reconsideration, and attempting to reopen the case after final judgment—Fletcher argued that he had exhausted his administrative remedies because the Warden provided a satisfactory response to one of his Offender Concern Forms by informing Fletcher that dental care would be provided. 2014 Civil Suit, Dkt. 25, at 2; Dkt. 47-1, at 2, Dkt. 57, at 1. United States District Judge for the District of Idaho B. Lynn Winmill repeatedly rejected Fletcher's argument, finding Fletcher was required to file a Grievance Form because the Warden's response did not: (1) stop the alleged delays; (2) affect the allegedly poor dental treatment Fletcher ultimately received; (3) mislead Fletcher into believing he did not need to file a grievance; or (4) prevent Fletcher from filing a grievance. 2014 Civil Suit, Dkt. 41, at 5; Dkt. 55, at 3 ("In his request for the Court to reconsider its ruling on the exhaustion issue, Fletcher makes the same arguments the Court specifically addressed and rejected in its earlier-filed decision"); Dkt. 69, at 2 ("The Warden's comments did not absolve Fletcher of his duty to exhaust, and the Court specifically rejected this argument in its earlier decision.").

In the instant case, Fletcher attempts to state a claim against Eaton for making the very argument that Judge Winmill accepted, and the Ninth Circuit affirmed, in the 2014

---

[6] The 2014 Civil Suit sought damages against Corizon for inadequate dental care, while the instant suit seeks to impute such damages to Eaton for purportedly lying about Fletcher's failure to exhaust administrative remedies while representing Corizon in the 2014 Civil Suit.

Civil Suit. Dkt. 5, at 3–5; *see also* 2014 Civil Suit Dkts. 41, 55, 69, 73. Far from lying or committing perjury, Eaton made a valid legal argument that precludes the relief Fletcher seeks here. Fletcher's attempt to repackage his exhaustion argument into a claim that Eaton "lied" and "stole away" his Constitutional rights is a foolhardy attempt to relitigate his 2014 Civil Suit. Newly articulated claims based on the same nucleus of facts are still subject to res judicata where, as here, such claims were raised in the earlier action. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077–78 (9th Cir. 2003) ("The fact that res judicata depends on an 'identity of claims' does not mean that [a party] may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated.").

Next, there is no question there was a final judgment in the 2014 Civil Suit. Judge Winmill entered a final judgment in favor of Corizon on all of Fletcher's claims, and this judgment was affirmed by the Ninth Circuit. 2014 Civil Suit Dkt. 56, Dkt. 73.

Finally, although Eaton was not a party to the 2014 Civil Suit, he was in privity with Corizon, his client in the 2014 Civil Suit. There can be no question that Fletcher already had a complete opportunity to litigate his claims against Corizon for the dental care he received while incarcerated. *Tahoe Sierra*, 280 F. Supp. 2d at 1081. Although Fletcher now seeks to assert such claims against Eaton, "privity is a flexible concept dependent on the particular relationship between the parties in each individual set of cases." *Id*. Even where, as here, parties are not identical, "privity may exist if there is substantial identity between the parties, that is, when there is sufficient commonality of interest." *Id*. (cleaned up). In the 2014 Civil Suit, Eaton advocated for Corizon and made the identical exhaustion

argument Fletcher attempts to—yet again—challenge here. As such, the Court finds the relationship between Eaton and Corizon sufficient to justify a finding of privity and, therefore, preclusion under the doctrine of res judicata. *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n. 3 (9th Cir. 2002) (finding privity between parties exists when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved"); *United States v. ITT Rayonier, Inc.*, 627 F.2d 996, 1003 (9th Cir. 1980) ("[A] 'privy' may include those whose interests are represented by one with authority to do so"); *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (explaining one who assists in the prosecution or defense of an action in aid of some interest of his own is in privity with a party to the record) (citations omitted).

The doctrine of res judicata is "central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions*." Montana v. United States,* 440 U.S. 147, 153 (1979) (citation omitted). Moreover, precluding Fletcher from his attempt to relitigate the 2014 Civil Suit "conserves judicial resources" and "fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id*. at 153–54.

### III. CONCLUSION

In sum, Fletcher's Amended Complaint not only fails to correct the defects outlined in the Court's Initial Review Order, but also illustrates this action is barred by res judicata. As such, Fletcher's Amended Complaint is dismissed with prejudice.

## IV. ORDER

1. This case is **DISMISSED WITH PREJUDICE** and **closed;**

2. A separate judgment will issue pursuant to Federal Rule of Civil Procedure 58.

DATED: December 1, 2022

_____
David C. Nye
Chief U.S. District Court Judge